IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) ) No. 4:20-CR-174-SEP/NAB |
| v. | ) ) |
| DELEO BARNER, | ) ) |
| Defendant. | |

**OBJECTIONS TO THE PRESENTENCE REPORT**

Mr. DeLeo Barner, through his attorney, Assistant Federal Public Defender Melissa Goymerac, objects to paragraphs 39 & 89 of his Presentence Report.

The Presentence Report, paragraph 39 states that: "[a]ccording to the Inspector General, Department of Defense, Barner, as J.S. has a criminal history in Germany that includes bodily harm, trespassing, resistance to enforcement officers, violation of support obligations, and insult. Further information was not provided." Then in paragraph 89, the Report cites § 4A1.3 of the guidelines, suggesting that there is "reliable information" forming the basis for a potential upward departure that Mr. Barner's criminal history category substantially under-represents the seriousness of his criminal history or likelihood that he will commit other crimes. The paragraph then lists misconduct from the military which occurred nearly 40 years ago for which there was no formal legal or court-martial proceedings, and the same alleged German "criminal history" from paragraph 39.

The basis for including the alleged German criminal history is email correspondence included in the discovery between a Department of Defense investigator and a German

police officer. The DOD investigator asked if Mr. Barner was "aktenkundig," which simply means "on record" in German. She requested that the German officer provide fingerprints or photographs if he found a "record" to confirm identity. The German officer responded that they had no photos or fingerprints, and attached no actual records to the email. There are no case numbers listed for any of the alleged offenses. There is no information about whether these were arrests or convictions, the level of offense, dispositions, or even whether Mr. Barner was afforded legal counsel. There is no information about the elements of any of the listed offenses.

According to § 4A1.3 (a)(2)(A), the types of information that may form the basis for upward departure includes "[p]rior sentences not used in computing the criminal history category (eg. sentences for foreign or tribal convictions)." The information provided in the discovery documents lists no sentences. It is unclear whether these are even convictions, or just arrest records. This is important because §4A1.3 (a)(3) provides that there is a prohibition against using a prior arrest record for upward departures under this provision. Further, according to § 4A1.3 (a)(4)(A), the court is directed to "determine the extent of a departure under this subsection by using, as a reference, the criminal history category applicable to defendants whose criminal history or likely to recidivate most closely resembles defendant's." The Court has no ability to make such a determination based on the information provided.

In the commentary to § 4A1.3, application note 2 gives examples of when an upward departure may be warranted. The example in note 2 (A)(i) is "[a] previous *foreign sentence for a serious offense*." (emphasis added). Again, the probation office has

provided no information to the Court about the seriousness of these offenses, whether there were convictions and sentences for any of them, and what those sentences were.

The probation office includes this information from a multi-layered hearsay document translated into and out of German, with no actual records, fingerprints or photos to confirm the records even reference Mr. Barner. For all of the foregoing reasons, it is entirely inappropriate for the Court to consider this a reliable record and for the Court to then use these unreliable records, devoid of context and without an explanation of their seriousness or significance, to warrant an upward departure. Mr. Barner respectfully requests that the alleged foreign "criminal history" be removed from his Presentence Report as it is unfairly prejudicial and lacks reliability. He further respectfully suggests that there is no provision of §4A1.3 providing that an upward departure is appropriate based on nearly 40-year-old misconduct that resulted in no conviction.

> Respectfully submitted,
>
> /s/*Melissa K. Goymerac*
> MELISSA K. GOYMERAC, #83550VA
> Assistant Federal Public Defender
> 1010 Market Street, Suite 200
> St. Louis, Missouri 63101
> Telephone: (314) 241-1255
> Fax: (314) 421-3177
> E-mail: Melissa_Goymerac@fd.org
> ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the United States Attorney.

> /s/*Melissa K. Goymerac*
> MELISSA K. GOYMERAC
> Assistant Federal Public Defender